IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Nicholas Hudnell** ) | JUDGE: |
| c/o The Ondrejech Law Firm LLC ) | |
| 700 West St. Clair Ave., Suite 110 ) | |
| Cleveland, OH 44113 ) | Case No. |
| ) | |
| **and** ) | ***VERIFIED COMPLAINT*** |
| ) | FOR *TEMPORARY RESTRAING ORDER* |
| **Mark S. Ondrejech** ) | (WITHOUT NOTICE) |
| c/o 700 West St. Clair Ave. #110 ) | INJUNCTIVE RELIEF |
| Cleveland, OH 44113 ) | AND |
| ) | DECLARATORY JUDGMENT |
| And all those similarly situated ) | |
| ) | **CLAIM OF** |
| *Plaintiffs*, ) | **UNCONSTITUTIONALITY** |
| v. ) | |
| ) | **TO DECLARE THE CITY OF** |
| **City of Cleveland, Ohio** ) | **CLEVELAND EMERGENCY** |
| 601 Lakeside Avenue East ) | **PROCLAMATION OF CIVIL** |
| Cleveland, OH 44114 ) | **EMERGENCY TO BE** |
| ) | **UNCONSTITUTIONAL AND FOR AN** |
| and ) | **INJUNCTION TO RESTRAIN ITS** |
| ) | **CURFEWS** |
| **Frank G. Jackson** (in his official capacity ) | **AND** |
| as Mayor of the City of Cleveland, Ohio) ) | **TS ENFORCEMENT** |
| 601 Lakeside Ave. East ) | |
| Suite #210 ) | **AND FOR DAMAGES** |
| Cleveland, OH 44114 ) | **(With Jury Demand as to Damages** |
| ) | **Claim)** |
| and ) | |
| ) | |
| **Michael McGrath** (in his official capacity ) | |
| as Director of Public Safety) ) | |
| 601 Lakeside Ave. ) | |
| Cleveland, Ohio 44114 ) | |
| ) | |
| and ) | |
| ) | |
| **Calvin D. Williams** (in his official capacity ) | |
| as Chief of Cleveland Division of Police) ) | |
| 601 Lakeside Ave. ) | |
| Cleveland, OH 44114 ) | |
| ) | |

And                                                                    )
                                                                       )
**Unknown Law Enforcement Officers 1-100**                             )
Name Unknown                                                           )
Address Unknown                                                        )
Address Unknown                                                        )
                                                                       )
**Mike DeWine** (in his official capacity as                           )
Governor of the State of Ohio and as                                   )
Commander in Chief of the Ohio National                                )
Guard)                                                                 )
Riffe Center, 30th Floor                                               )
77 South High Street                                                   )
Columbus, OH 43215                                                     )
                                                                       )
        and                                                            )
                                                                       )
**Richard S. Fambro**                                                  )
(in his official capacity as Superintendent of                         )
the Ohio State Highway Patrol)                                         )
                                                                       )
and                                                                    )
                                                                       )
**Armond Budish**                                                      )
(in his official capacity as Cuyahoga County                           )
Executive)                                                             )
Cuyahoga County Administrative                                         )
Headquarters                                                           )
2079 East 9th Street                                                   )
Cleveland, OH 44115                                                    )
                                                                       )
and                                                                    )
                                                                       )
**David G. Schilling, Jr.**                                            )
(in his official capacity as Sheriff of                                )
Cuyahoga County, Ohio)                                                 )
1215 W. 3rd St.,                                                       )
Cleveland, OH 44113                                                    )
                                                                       )
                                                                       )
                                                                       )
                                                                       )
                                                                       )
                                                                       )
                                                                       )

                                            )
                                            )
                                            )
                                            )
                                            )
                                            )

Now come the Plaintiffs Nicholas Hudnell and Mark S. Ondrejech on behalf of themselves and all those similarly situated (collectively "Plaintiffs") to hereby state as and for their Complaint against Defendants City of Cleveland, Frank G. Jackson, Michael McGrath, Calvin D. Williams, Mike DeWine, Richard S. Fambro, Armond Budish and David G. Schilling Jr. as follows (in their official capacities as set out in the above caption; collectively referred to a "Defendants"):

## PARTIES

### Plaintiffs

1.   Plaintiff, Nicholas Hudnell is an adult individual citizen and resident in the city of Cleveland, county of Cuyahoga, state of Ohio who resides in the West Park neighborhood of Cleveland and was jailed by their agents of Defendants in Cleveland, Cuyahoga County, Ohio from Sunday, May 31 to June 2, 2020 under unconstitutional authority exercised by Defendants.

2.   Plaintiff Mark S. Ondrejech is an adult individual citizen and resident of the city of Cleveland, Cuyahoga County, Ohio who resides in a high-rise building between the Superior Viaduct and Detroit Avenue, which is part of the area restricted by the proclamation referenced therein as the W. 25 Market District.

3.   The class is so numerous that joinder of all members is impracticable.

4.   There are questions of law or fact common to the class.

5.   The claims or defenses of the representative parties are typical of the claims or defenses of the class.

6.   The representative parties will fairly and adequately protect the interests of all similarly situated citizens of the class of persons subject to the Proclamation and its enforcement in Cleveland, Cuyahoga County, Ohio.

7.   Questions of law or fact are common to all class members and predominate over any questions affecting only individual members.

### Defendants

8.    Defendant city of Cleveland is a municipal corporation and political subdivision of the state of Ohio.

9.    Defendant Frank G. Jackson is the mayor of the city of Cleveland and as such oversees law enforcement, policy, and other personnel for the city of Cleveland Ohio.

10.  Defendant Michael McGrath is the director of Public Safety for the City of Cleveland, Ohio with the power to command and control law enforcement officials for the city of Cleveland, Ohio.

11.  Defendant Calvin D. Williams is the Chief of the Cleveland Division of Police and as such has command of the city of Cleveland Police.

12.  On or about May 30, 2020, the Mayor, Defendant McGrath and Defendant Williams began to deploy law enforcement personnel under their command and control to enforce the Proclamation and to jail those deemed by such personnel to be in violation of the same to the city jail.

13.  On or about May 31, 2020, Governor Mike DeWine, at the request of the Mayor deployed Ohio National Guard troops to the city of Cleveland to enforce the Proclamation and they are continuing to do so at present and will apparently continue to do so into the future.

14.  Colonel Richard S. Fambro is the Superintendent of the Ohio State Highway Patrol and as such has the command and control over the Ohio State Highway Patrol officers.

15.   Defendant Mike DeWine is the Governor of the state of Ohio and as such the commander-in-chief of the Ohio National Guard.

16.   On or about May 31, 2020, Governor DeWine and Superintendent Fambro deployed Ohio State Highway Patrol troopers to Cleveland, Ohio to enforce the Proclamation.

17.   Defendant Armond Budish is the executive officer of Cuyahoga County who has commanded, and deployed peace officers deployed under the Cuyahoga County Emergency Management Plan to the city of Cleveland who are enforcing the Proclamation.

18.   Defendant David G. Schilling Jr. is the Cuyahoga County Sheriff who orders and controls the actions of the Cuyahoga County Sheriff's Department, which has deployed law enforcement personnel to enforce the Proclamation.

19.   On or about May 30, 2020, County Executive Armand Budish and County Sheriff Schilling deployed law enforcement personnel from the Cuyahoga County Sheriff's office and the Cuyahoga County Emergency Management Plan to enforce the Proclamation and to detain those arrested for claimed violations of the same in the Cuyahoga County jail.

20.   On information and belief, all Defendants are currently engaged in the command and/or control of law enforcement (and other) agents including but not limited to the city of Cleveland Division of Police, Cuyahoga County Sheriff's Office, Ohio State Highway Patrol and the Ohio National Guard who are unconstitutionally enforcing and threatening to enforce, the curfew.

21.   Defendant Unknown Law Enforcement Officer 1-100 are 100 adult individual citizens who were operating within the jurisdiction of Cleveland, Cuyahoga County, Ohio during the duration of the Proclamation and acted to enforce the curfews thereunder.

22. Under the Proclamation, the Defendants and their agents assert that they can arrest and sanction all persons who violate the curfew set out in it simply for being outside their residences in the Central Business District and/or the West 25th Market District without due process of law.

23. Under the Proclamation and its enforcement, the fundamental rights of the Plaintiffs have been violated and are continuing to be violated through the arbitrary imposition of the Proclamation under which law enforcement agents have been interpreting to mean strict liability for any acts by Plaintiffs and similarly situated persons who would engage activity contrary to the curfew in the Proclamation, even if they do not commit any crime under a duly-authorized legislative enactment.

## JURISDICTION AND VENUE

24. This Court has jurisdiction over this controversy because it involves a federal question under 28 U.S.C. § 1331.

25. This Court can exercise supplement jurisdiction to adjudicate all of Plaintiff's state-law claims because they are substantially related to the original federal claims under 28 U.S.C. § 1367.

26. The Court has personal jurisdiction over all Defendants because they all conduct business within the Northern District of Ohio in Cleveland, Cuyahoga County, Ohio.

27. Venue is proper because the facts out of which the claims arose took place in Cleveland, Cuyahoga County, Ohio, and it continues to take place there.

## FACTUAL ALLEGATIONS

### Background

28. On May 25, 2020, while effectuating an arrest, a Minneapolis policeman named Derek Chauvin pressed his knee into the neck of an African American adult individual citizen named George Floyd for eight minutes and forty-six (46) seconds, and Floyd was later pronounced dead, reportedly and allegedly as a result of the pressure that Chauvin applied to his neck.

29.   The events very briefly described in the preceding averment were memorialized on video and shown widely throughout the media in the United State of America, the state of Ohio, the city of Cleveland, Cuyahoga County, and all over the world.

### The Protest of May 30

30.   On or about the afternoon of Saturday, May 30, 2020 at about 1:30 p.m. many citizens and residents of the city of Cleveland and the surrounding areas assembled at the Free Stamp in the city of Cleveland, Cuyahoga County, Ohio to protest ("the Protest") the actions of officer Chauvin and advocate against police brutality more generally, wherever it may be practiced.

31.   At some point during the protest, confrontations by and among those mixed in with the Protest crowd and law enforcement officers took place near the Cuyahoga County Justice Center and law enforcement began to deploy numerous crowd-control weapons toward the Protest.

### Civil Unrest from Saturday, May 30 until early morning May 31, 2020

32.   At or about the same time, on information and belief, individuals who had mixed into the crowd of protesters began to confront law enforcement verbally while others vandalized the Justice Center and set two police cars on fire near Lakeside Avenue and West 3rd Street.

33.   Throughout the afternoon, into the evening, and throughout the night of May 30, 2020, large groups of individuals began to commit widespread acts of destruction, vandalism, criminal mischief and looting in the downtown area of the city of Cleveland, Ohio from about the eastern half of West 9th Street down to about East 18th street and beyond to the Eastern side of Downtown Cleveland, Ohio (the "Civil Unrest").

### Curfew #1
### Saturday at 8:00 p.m. until Sunday at 8:00 a.m.

34.   At about 7:15 p.m. on May 30, 2020, the mayor of the city of Cleveland, Ohio, The Honorable Frank G. Jackson (the "Mayor"), signed a document titled "Proclamation of Civil Emergency

(Civil Unrest)," declaring a curfew to commence at 8:00 p.m. on May 30, 2020[1] within the Central Business District of the city (as defined in the Proclamation"), until 8:00 a.m. on Sunday, May 31, 2020.

### Peace No Later Than Daylight on Sunday, May 31 until the Present

35.  In the early morning hours of Sunday May 31, 2020, the civil unrest that began on May 30, 2020 near the protest subsided as the crowd that had engaged in criminal conduct, vandalism and looting left the Area at least by daylight.

36.  On information and belief, after 8:00 a.m. on the morning of Sunday, May 31, 2020, residents of the city of Cleveland volunteered to, and did, engage in an effort to clean the same area defined in the Proclamation from the damage caused by the Civil Unrest that was committed on the night of May 30, 2020 and into the early morning hours of May 31, 2020.

### Curfew #2

### Despite No Civil Unrest, Mayor Extends Curfew
### To Noon on Sunday, May 31 until 8:00 a.m. Monday, June 1

37.  Despite no civil unrest occurring, on or about May 31, 2020 the Mayor signed a *Second Modification* to the Proclamation, which made the following modification, among others:

  i.  It imposed a curfew in the specific areas in the city of Cleveland from 12:00 p.m. on May 31, 2020 and continuing to 8:00 a.m. on Monday, June 1, 2020; and

  ii.  it expanded the curfew zone from the Central Business District in downtown Cleveland, Ohio to what it terms the "W.25th Market District, as shown by attached maps***".

  iii.  On information and belief, this was not published and disseminated to the media until much closer to Noon on May 31, 2020.

See *Exhibit 1* attached hereto and incorporated herein.

### Curfew #3
### Despite no Unrest, Curfew Extended to West 25th St. Market District

---

[1] On information and belief, the same was not published to public until about 7:45p.m. on May 30, 2015.

**From May 31 at 8:00 p.m. until Tuesday, June 2**

38.  On or about May 31, 2020 at 8:00 p.m., the Mayor signed a ***Second Modification*** to the Proclamation extending the curfew imposed on the Central Business District to also include the W. 25th Market District until 8:00 p.m. on Tuesday, June 2, 2020 (hereinafter the "Proclamation"). See ***Exhibit 2*** attached hereto and incorporated herein.

39.  Under the Proclamation:

> "All persons are prohibited from walking, running, loitering, standing or driving/motoring, (except for vehicles on Route 2; I-77; I-71; I-90; I-480 West Lee Road Exit Ramp; I-90 East West 25th Street Exist and I-490 West at W. 7th Street Exit) upon any alley, street, highway, public property or vacant premises within the Area, excepting persons officially designated by the Mayor to perform duties with reference to the Civil Emergency, persons traveling to and from their residence located within the Area or a place of refuse, persons traveling to and from their residence located within the Area or a place of refuge, persons traveling for medical care and/or safety should they be unable for reasons of health or safety to remain in their residence, and persons traveling to and from their place of employment during regular business hours. All persons are asked to remain within their residences during the curfew unless remaining in their residences could constitute a risk to health or safety."

**Curfews for June 2- 3**
**Curfew Extended from 8:00 p.m. June 2 until 6:00 a.m. on June 3**
**and**
**Curfews on June 3 at 8 p.m. until 6:00 a.m.**

40.  On or about 10:00 a.m. on June 2, 2020, the City announced a ***Third modification*** of the Proclamation that the restrictions imposed by the Proclamation will be extended past 8:00 p.m. on June 2 as follows:

i.   The areas subject to the restrictions will remain under curfew until 6:00 a.m.  on June 3.

ii.   The areas subject to the restrictions will then be under curfew from 8:00 p.m. until 6:00 a.m. on June 3, 2020 through June 5, 2020.

iii.   Additional exceptions were made to residents of the restricted areas as set out on the attached map including the Central Business District and the W. 25th Market District.

See Proclamation at Third modification, attached hereto and incorporated herein as ***Exhibit 3***.

41. In this Complaint, all references to the "Proclamation" refers to the version of the proclamation as it is applied to a specific plaintiff or at a specified time.

42. The existence of a Civil Emergency set out in the curfew is not determined by any objective criteria, but under the arbitrary and capricious whim of the Mayor in violation of the United States Constitution, the Ohio Constitution, the Charter of the City of Cleveland and the Codified Ordinances of the City of Cleveland, and the procedural and substantive due process rights of Plaintiffs.

43. To the extent that the City may argue that there is a permissible way for the Mayor to declare a Civil Emergency exists, such a claim has no basis in fact as he has not made a showing that there is any clear and present danger to the city of Cleveland's Central Business District and/or West 25th Market District sufficient to justify the infringements on the rights of the people set out in the Proclamation.

44. The Mayor (and the Defendants) apparently believe that the Mayor can modify and extend the duration and area of the Proclamation and continue to extend the same indefinitely as the Mayor has now extended it for a third time and as such the injury to the plaintiffs and those similarly situated continues to recur under the Mayor is lawfully restrained.

**Application of Curfew Despite Lack of Civil Unrest**

45. Implementing the curfew under the Proclamation, law enforcement officers under Defendants' control arrested and/or threatened to arrest people who happened to be in the curfew zones after they were put in place by each modification of the Proclamation.

46. At Mayor Jackson's request, Governor Mike DeWine activated the Ohio National Guard and ordered them to occupy the city of Cleveland.

47.  Law enforcement officers and Ohio National Guard (collectively herein "law enforcement personnel or officers") troops took to the City to enforce the Proclamation and blocked highway access to downtown Cleveland, Ohio, including the Central Business District. See Exhibit

48.  Based on media reports, throughout the day on Sunday, May 31, 2020, citizens who stepped out of their apartments to walk their dogs or go to the store were commanded to return to their homes.

49.  Individuals seeking to enter and existing the Central Business District were required to show identification to law enforcement officers to gain access thereto.

50.  At times during the curfews, media was not permitted into the Central Business District unless "credentialed".  See *Exhibit 4*.

51.  On Monday, June 1, 2020, business commuters were reportedly being blocked from entering the areas under curfew at that time. *Exhibit 4*.

52.  On June 2, 2020, law enforcement officers were acting to prevent business commuters from entering the downtown area (Central Business District Area). *Exhibit 4 and Exhibit 5.*

53.  Under the curfews imposed and continuing to be imposed, the residents of the restricted areas (currently Central Business District and downtown) were prevented from leaving their residences and traveling inside and out of that area for limited reasons and only upon proof of residence were they able to avoid arrest for violating the curfew. See, *Exhibits 1, 2 and Exhibit 5*.

54.  Some have reported that Cleveland has been completely locked down. *Exhibit 6*.

### Application of the Proclamations to the Plaintiffs
### Nicholas Hudnell

55.  On May 31, 2020 at 3:00 p.m., Plaintiff Nicholas Hudnell was falsely arrested and imprisoned as a direct and proximate result of the unconstitutional curfew enacted under the Proclamation and the enforcement thereof resulted harm to Hudnell as follows:

i.   On May 31, 2020 at about 2:00 p.m., Hudnell was dropped off by a friend to retrieve his automobile from the parking garage at 740 Euclid Ave. in the Central Business District in Cleveland, Ohio, which had a flat tire in the hope of calling AAA to service the vehicle and drive home.

ii.   Hudnell went to the Central Business District in Cleveland, Ohio under the belief that the curfew had expired at 12:00 p.m. pursuant to the first curfew under the original version of the Proclamation.

iii.  Hudnell was unable to obtain assistance from AAA due to the enforcement of the curfew under the Proclamation.

iv.  Upon realizing that he was not going to be able to obtain auto repair from AAA, Hudnell walked outside of the garage and began walking on the street outside the garage in contemplation of calling for a ride home from a ride-sharing service.

v.   Upon walking out of the garage, Hudnell was stopped by a law enforcement official driving an unmarked Dodge Charger who asked him what he was doing on the street and Hudnell so advised him.

vi.  The law enforcement officer instructed Hudnell to walk to East 18th Street to obtain access to potential rides.

vii. Hudnell complied with the above and at East 13th Street in the Central Business District area, he was arrested and detained until for two (2) days in jail without charge or bail bond.

viii.    As a direct and proximate result of the enforcement of the unconstitutional curfew under the Proclamation, Hudnell was falsely imprisoned by the Defendants and their agents.

ix.  On information and belief, many other citizens have been unlawfully detained and jailed under the curfews implemented under the Proclamation and the government intends to continue to so enforce the Proclamation.

### Mark S. Ondrejech

56.  Plaintiff Mark S. Ondrejech resides in the West 25th Market District area, which is subject to on-going curfews under the Proclamation.

57.  Plaintiff Mark S. Ondrejech, owns and operates The Ondrejech Law Firm LLC, which is located at 700 West St. Clair Avenue, Suite 110, Cleveland, OH 44113 within the Central Business District, an area under curfew under the Proclamation.

58.  Under the curfews enacted and being enforced under the Proclamation, Ondrejech was denied his fundament constitutional rights by the curfew from Sunday at 12:00 p.m. until Wednesday,

June 3, 2020 at 6:00 a.m. to because the Proclamation indicated that he would not be permitted into the Central Business District or W. 25th St. Market District unless he could prove his reason for going/being there, his identify and his destination within the curfew zone.

59.  Ondrejech' s fundamental constitutional rights will be abridged again when the curfew begins again at 8:00 p.m. tonight (June 3, 2020) as it will prohibit his fundamental rights within the curfew zones, including but not limited to the right to free speech, assembly, association, travel, property and his right to be free from unreasonable searches and seizures.

60.  Under the Proclamation, Ondrejech is continuing to be subject to being unlawfully stopped, searched, seizure, intimidated and arrested (and other sanctions) from law enforcement if he  was to exercise his fundamental constitutional rights to speech, assembly, travel, property and freedom from unreasonable searches and seizures within the Central Business District and/or W. 25th Market Square District during a curfew enacted under the Proclamation, which are scheduled to resume tonight, June 4, and June 5.

61.  The Proclamation and curfews thereunder are unconstitutional their face and as applied to all the Plaintiffs and similarly situated persons.

## Plaintiffs and Similarly Situated Persons

62.  While a facial challenge invokes the rights of others, an as-applied challenge is confined to the circumstance of the plaintiff. See *John Doe No. 1 v. Reed,* 130 S. Ct. 2811, 2817, 177 L. Ed. 2d 493 (2010).

63.  The Proclamation is unconstitutional as to all Plaintiffs listed here and all other residents and business owners in the Central Business District and West 25th Market Avenue District on its face.

64.  The Proclamation has enacted unconstitutional curfews that are being enforced by all Defendants and the agents under their command and control under the Proclamation.

65.   The enforcement of the curfews under the Proclamation violates the constitutional rights of all persons who reside in the curfew zones and all similarly situated to Plaintiffs and such violations are contemplated to be used to fine, arrest, harass, falsely seize, search, and impede the travel and freedom thereto, right to free speech and assembly for Plaintiffs and all other similarly situated.

66.   The Proclamation under which the curfews are enacted is vague, overbroad and violative of the rights of the substantive and procedural due process rights of Plaintiffs and all similarly situated under the Fourteenth Amendment of the U.S. Constitution.

**Irreparable Harm to all Plaintiffs**

67.   As a direct and proximate result of the actions of the Defendants and their agents, all Plaintiffs and all similarly situated persons have been harmed irreparably, continue to suffer irreparable harm, so long as the unconstitutional conduct, practices, restrictions, threats, intimidation, and harassment of Plaintiffs enforcing the curfews under color of the Proclamation persists or are ordered and/or are ordered to recur.

68.   The harm referenced above shall continue until such time as the curfew(s) set out in the Proclamation (or any subsequent order imposing a curfew) in the city of Cleveland, Cuyahoga County, Ohio is in place.

**CAUSES OF ACTION**

**COUNT 1**
***Right to Freedom***
**under**
**Article I, § 1 of the Ohio Constitution**

69.   Plaintiffs incorporate all the other averments of this Complaint as if it had been fully rewritten here.

70.   Article I, Section 1 of the Ohio Constitution states: "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending

life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety." OH. CONST. ART. I, § 1.

71.   Under the Proclamation, all Plaintiffs (and similarly situated persons) have been denied and are continuously being denied the inalienable l rights under Article I, Section 1 of the Ohio Constitution.

72.   By enforcing the Proclamation, Defendants are unconstitutionally abridging the rights guaranteed to all Plaintiffs under Article I, Section 1 of the Ohio Constitution as the Proclamation by denying the plaintiffs their rights to be free and independent by prohibiting numerous freedoms of the  Plaintiffs as set out in Section B of the Proclamation.

73.   As a direct and proximate cause of the Proclamation and its application by all Defendants and their agents, Plaintiffs (and similarly situated persons') constitutional rights to freedom under Article I, Section 1 of the Ohio Constitution have been abridged continues to be wrongfully abridged.

74.   **Wherefore,** this Court should award Plaintiffs a Declaratory Judgment declaring that the Proclamation is unconstitutional on its face and as applied in such a manner to Plaintiffs that it infringes upon their fundamental constitutional rights under Article I, Section 1 of the Ohio Constitution.

## COUNT 2
### *Freedom of Speech and Assembly and of Association*
### under
### Article I, § 3 *and* Article I, §11 of the Ohio Constitution *and* U.S. Const. Amend. I

75.   Plaintiffs incorporate all the averments of this Complaint as if it had been fully rewritten here.

76.   The First Amendment to the United States Constitution: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the

freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition

the Government for a redress of grievances." U.S. Const. AMEND. I.

77.   Article I, Section 11 of the Ohio Constitution states, in pertinent part: "Every citizen may

freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of

the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press.

Oh. Const. Art. I, § 11.

78.   The Proclamation has infringed the Plaintiffs rights to freedom of speech, assembly and

association guaranteed under the First Amendment of the U.S. Constitution and Article I, Section

11 of the Ohio Constitution by creating curfews in the city of Cleveland Central Business District

and West 25th Market District and such limitations are not sufficiently narrowly tailored to achieve

a compelling government interest. See, *Grayned v. City of Rockford*, 408 U.S. 104, 116-117, 92 S.

Ct. 2294, 2303-2304, 33 L. Ed. 2d 222, 232-233, 1972 U.S. LEXIS 26, *21-23 (U.S. June 26,

1972) ("Our cases make clear that  in assessing the reasonableness of a regulation, we must weigh

heavily the fact that communication is involved; the regulation must be narrowly  tailored  to

further the State's legitimate interest.  Access  to the "streets, sidewalks, parks, and other similar

public places . . . for the purpose of exercising [First Amendment rights] cannot constitutionally

be denied broadly . . .." Free expression "must not, in the guise of regulation, be abridged or

denied.")

79.   By enforcing the blanket curfews set out in the Proclamation, Defendants have violated -- and

continue to violate -- the fundament rights of all Plaintiffs (and similarly situated persons) to

exercise their rights of free speech, assembly and association under the First Amendment to United

States Constitution and Article I, Section 11 of the Ohio Constitution in the areas restricted by the

Proclamation during the curfew.

80.   One of the freedoms guaranteed by the First Amendment to the U.S. Constitution is the right to associate for the purpose of engaging in expressive activity protected by the First Amendment. *State v. Burnett,* 93 Ohio St.3d 419, 424-425, 2001-Ohio-1581, 755 N.E.2d 857 citing *Dallas v. Stanglin*, 490 U.S. at 24, 109 S. Ct. at 1595, 104 L. Ed. 2d at 25. This includes rights of free speech, assembly, petition for the redress of grievances, and the exercise of religion. *Id*.

81.   Another type of freedom of association is the right to associate for the purpose of personal relationships. *Burnett, supra* at 424.

82.   The Proclamation in this case has unconstitutionally abridged Plaintiffs' freedom of speech, association and assembly under the First Amendment by applying a blanket curfew in the city of Cleveland in the areas designated in the Proclamation, which prevents Plaintiffs (and similarly situated residents) from engaging in free speech, association or assembly in those areas during the curfew.

83.   The Proclamation in this case has unconstitutionally abridged Plaintiffs' freedom of speech, association and assembly under the First Amendment by applying a blanket curfew in the city of Cleveland in the areas designated in the Proclamation, which has been enforced to prevent Plaintiffs (and similarly situated residents) from engaging in the activities of daily living unless permitted by law enforcement or specifically accepted by the Proclamation.

84.  As a direct and proximate result of the Defendants acts continually violating the Plaintiffs' fundamental rights of freedom, speech, and association.

85.  **Wherefore,** this Court should award Plaintiffs a Declaratory Judgment declaring that the Proclamation, including the curfews imposed thereunder and enforcement of the same, is unconstitutional because it infringes upon these fundamental constitutional rights of Plaintiffs and restraining enforcement of the curfews in the Proclamation.

86. Further, this Court should issue a temporary injunction, preliminary injunction, and permanent injunction to restrain enforcement of any further curfews under the Proclamation by Defendants.

## COUNT 3
### *Overbreadth*

87. Plaintiff incorporates all the preceding averments of this Complaint as if it had fully rewritten here.

88. A statute or ordinance is be overbroad "if in its reach it prohibits constitutionally protected conduct." *State v. Shay*, 151 Ohio App.3d 538, 2003-Ohio-555, 784 N.E.2d 1186, ¶ 17 (8th Dist.) citing *Grayned v. Rockford* (1972), 408 U.S. 104, 114, 92 S. Ct. 2294, 2302, 33 L. Ed. 2d 222, 231; *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 528, 1999 Ohio 285, 709 N.E.2d 1148.

89. As discussed throughout this Complaint, the Proclamation, by Mayoral fiat, imposes curfews that infringes the constitutionally protected conduct of the Plaintiffs under the First Amendment and other fundamental rights.

90. Wherefore, the Proclamation is overbroad, and this Court should declare the Proclamation to be unconstitutionally Overbroad on its face and as applied and grant injunctive relief restraining its enforcement that is prayed for hereunder.

## COUNT 4
### *Vagueness and 14th Amendment Procedural Due Process*

91. It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

92.   As the *Grayned* Court explained: "Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to "'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." *Grayned v. City of Rockford*, 408 U.S. 104, 108-109, 92 S. Ct. 2294, 2299, 33 L. Ed. 2d 222, 227-228, 1972 U.S. LEXIS 26, *7-10 (U.S. June 26, 1972).

93.   A statute must be carefully drawn or authoritatively construed to punish only unprotected conduct and not be susceptible of application to protected expression. *State v. Williams*, 148 Ohio App.3d 473, 522, 2002-Ohio-3777, 773 N.E.2d 1107, ¶ 15 (10th Dist.)

94.   To withstand a challenge under the vagueness doctrine, Ohio law dictates an ordinance must: (1) provide ***fair warning*** to the ordinary citizen of what conduct is proscribed; (2) preclude arbitrary, capricious and discriminatory enforcement and (3) the ordinance must not impinge constitutionally-protected rights. *Viviano v. City of Sandusky*, 2013-Ohio-2813, 991 N.E.2d 1263 (5th Dist. 2013), citing *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

95.   Here, the Proclamation and its subsequent modifications including the ***First Modification*** *did not* provide fair warning to citizens implementing a curfew for Sunday, May 31, 2020 to begin at 12:00 p.m. (noon) throughout the rest of the day on Sunday and all day Monday, June 1, 2020 did not provide fair warning Plaintiffs.

96.  Specifically, on May 31, 2020, Plaintiffs Hudnell were not provided fair notice of the first modification of the Proclamation and as a result Hudnell went into the Central Business District and was arrested and jailed simply for being in the Central Business District.

97.  The failure to provide fair notice of the curfew by late publication and notice of the Proclamation.

98.  Second, the curfews enacted under the Proclamation do not preclude arbitrary, capricious and discriminatory enforcement because it is permitting individual law enforcement personnel discretion to arrest or not arrest citizens who are merely on the street walking to retrieve property or getting exercise and/or conducting other activities of daily living.

99.  The arbitrariness of the Proclamation has resulted in Plaintiffs not being able to be in  the Central Business District and resulted in Hudnel's arrest and detention.

100. The Proclamation and its curfews infringe upon the constitutionally protected rights of all Plaintiffs by proscribing constitutionally protected activity such as walking down the street, using public space to demonstrate peacefully, and associating with other people within the Central Business District and West 25th Market District.

101. Wherefore, this Court should declare the Proclamation to be unconstitutionally Vague and, on its face, and as applied and grant injunctive relief restraining enforcement of the curfews hereunder by the Defendants and their agents.

**COUNT 5**
*Freedom from Unreasonable Searches and Seizures*
**Under**
**Article I, §14 *and* U.S. Const. Amend. IV**

102. Plaintiffs incorporate all the averments of the preceding averments of this Complaint as if they have each been fully rewritten here.

103. Article I, § 14 of the Ohio Constitution states: " The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized."

104. The Fourth Amendment to the United States Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND IV.

105. Under *Terry v. Ohio*, the state must have individualized, articulable suspicion that an individual is or may be engaged in criminal activity to stop said person for investigative purposes.

106. "A police officer has probable cause only when he discovers reasonably reliable information that the suspect has committed a crime. *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir.2000).

107. Plaintiff Hudnell's right to be free from unreasonable searches and seizures was violated when he was stopped by the police officer in the Charger on May 31, 2020 and it was again violated by his unlawful arrest and detention moments later.

108. All Plaintiffs and similarly situated individuals are subject to this violation of rights guaranteed under Article I, Section 14 of the Ohio Constitution and the Fourth Amendment of the United States Constitution, which is incorporated to the States through the Fourteenth Amendment to the U.S. Constitution, so long as the Proclamation remains in place.

109. Defendants have violated all Plaintiffs' right to be free from unreasonable search and seizure by stopping all persons who attempted to enter into the Central Business District or West 25 and Market District without reasonable, particularized suspicion of criminal activity by Plaintiff and

the imminent threat of such violation of rights continues unless and until this Court declares the Proclamation unconstitutional and restrains further conduct as requested herein.

110. **Wherefore,** this Court should award Plaintiffs a Declaratory Judgment declaring that the Proclamation is unconstitutional on its face and as applied in such a manner that it infringes upon the fundamental constitutional rights.

**COUNT 6**
***Right to Freely Travel***

**Under**
**Article I, §14 *and* U.S. Const. AMEND. V and U.S. Const. Amend IX and U.S. Const. Amend XIV and the Common Law**

111. Plaintiffs incorporate all the other averments of this Complaint as if they had been fully rewritten here.

112. Plaintiffs all have a right to freely travel under the Fifth Amendment and Fourteenth Amendments to the United States Constitution and, at the least, it is an unenumerated right that it is so rooted in the history and traditions and conscience of our people as to be ranked fundamental. See, *State v. Burnett*, 93 Ohio St.3d 419, 428, 2001-Ohio-1581, 755 N.E.2d 857 citing e.g., *Kent v. Dulles* (1958), 357 U.S. 116, 125, 78 S. Ct. 1113, 1118, 2 L. Ed. 2d 1204, 1210 ("The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without the due process of law under the Fifth Amendment"); *Williams v. Fears* (1900), 179 U.S. 270, 274, 21 S. Ct. 128, 129, 45 L. Ed. 186, 188 ("the right to remove from one place to another according to inclination, is an attribute of * * * liberty * * * secured by the Fourteenth Amendment"); *Michael H. v. Gerald D.* (1989), 491 U.S. 110, 122, 109 S. Ct. 2333, 2342, 105 L. Ed. 2d 91, 105, quoting *Snyder v. Massachusetts* (1934), 291 U.S. 97, 105, 54 S. Ct. 330, 332, 78 L. Ed. 674, 677 (Cardozo, J.).

113. The Ninth Amendment to United States Constitution states that: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend IX.

114. The Supreme Court of Ohio has stated that the right to travel freely is a fundamental right for every citizen of this State. *State v. Burnett*, 93 Ohio St.3d 419, 428, 2001-Ohio-1581, 755 N.E.2d ("Every citizen of this state, much like the citizens of this Nation, enjoys the freedom of mobility not only to cross our borders into our sister states, but also to roam about innocently in the wide-open spaces of our state parks or through the streets and sidewalks of our most populous cities.")

115. Under the Proclamation, the Plaintiffs' (and all others similarly situated) fundamental right to freely travel is unconstitutionally abridged by the curfews created by the Proclamations as Defendants have ordered the law enforcement personnel under their control and command to stop all citizens and prevent them from moving into and out of the area.

116. As a direct and proximate result of the Proclamation issued by Defendants City and Mayor and its application and enforcement by all Defendants and their agents in law enforcement and otherwise, have violated the fundamental right to travel of all plaintiffs has been unconstitutionally infringed and such infringement continues into the future as the Proclamation remains in effect.

117. **Wherefore,** this Court should award Plaintiffs a Declaratory Judgment declaring that the Proclamation is unconstitutional on its face and as applied in such a manner that it infringes upon the fundamental constitutional rights, including the right to travel.

## COUNT 7
### *Right to Property*

118. Plaintiffs incorporate all the other averments of this Complaint as if they had been fully rewritten here.

119. "Ohio has always considered the right of property to be a fundamental right. There can be no doubt that the bundle of venerable rights associated with property is strongly protected in the Ohio Constitution and must be trod upon lightly, no matter how great the weight of other forces."

120. Further, Ohio courts apply a higher level of scrutiny to such claims regarding property rights, and homeowners who have acted without knowledge or intent to enjoy greater protections. *Yoder v. City of Bowling Green*, 2019 U.S. Dist. LEXIS 16549, at p. 10, citing *Mariemont Apartment Ass'n v. Village of Mariemont*, 2007-Ohio-173, 2007 WL 120727, at *7 (Ohio Ct. App.)

121. Before the police power can be exercised to limit an owner's control of private property, it must appear that the interests of the public require its exercise and the means of restriction must n*ot be unduly oppressive upon individuals*. *State ex rel. Pizza v. Rezcallah*, 84 Ohio St.3d 116, 131, 1998-Ohio-313, 702 N.E.2d 81, citing *Froelich v. Cleveland* (1919), 99 Ohio St. 376, 124 N.E. 212 (Emphasis added).

122. The curfew created under the Proclamation and Defendants' enforcement of the same have been denied Plaintiffs their right to property as follows:

> i.   Hudnell has been denied the right to retrieve his vehicle from a private parking garage in the Central Business District.

> ii.  Under the curfews set out in the Proclamation, Ondrejech is subject to arrest for walking from his residence to his office and being denied of access to his office, files, printer, office phone and other business machines and of the right to use the same.

123. **Wherefore,** this Court should award Plaintiffs a Declaratory Judgment declaring that the Proclamation is unconstitutional because it infringes upon the fundamental constitutional rights of Plaintiffs, including the right to property.

### COUNT 8

### *Substantive Due Process Violations Under the 14th Amendment*

124. All the preceding averments are fully rewritten here.

125. The Due Process Clause of the Fourteenth Amendment contains a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg* (1997), 521 U.S. 702, 720, 117 S. Ct. 2258, 2267, 138 L. Ed. 2d 772, 787.

126. This doctrine of substantive due process forbids the government from infringing upon these fundamental liberty interests *at all*, regardless of the procedure provided, unless the infringement survives strict scrutiny; that is, the government's infringement must be "narrowly tailored to serve a compelling state interest." *Reno v. Flores* (1993), 507 U.S. 292, 302, 113 S. Ct. 1439, 1447, 123 L. Ed. 2d 1, 16.

127. Defendants have not shown, and cannot show, a compelling governmental interest to implement the curfew measures discussed in this Complaint against Plaintiffs because it cannot and has not articulated facts to support an interest compelling enough to impose this very restrictive curfew on the Central Business District and W. 25th Market Street District, as well as the closing of the roads.

128. The curfews implemented in the Proclamation and the enforcement thereof are not narrowly tailored to serve any compelling state interest because the curfews prevents Plaintiffs (and others) from walking/driving/running around, traveling to/from/within and generally carrying on the activities of their daily lives in the restricted zones without being subject to be stopped by law and required to prove identity, residence/work address, and state the reason for being in the area.

129. The Defendants can protect the city with less restrictive measures than the strict curfews in the Proclamation.

130. As a direct and proximate cause of the implementation of the curfew on its face and as applied, the constitutional rights of plaintiffs and similarly situated persons have been

unconstitutionally infringed by the violation of their fundamental rights to freedom, free speech, association, travel, property and right to be free from unreasonable search and/or seizure.

131. **Wherefore,** this Court should award Plaintiffs a Declaratory Judgment declaring that the Proclamation is unconstitutional because it infringes upon the fundamental constitutional rights of Plaintiffs, including the right to property.

## COUNT 9

### *Equal Protection/Selective Enforcement*

132. Plaintiff incorporates all the averments of this Complaint as if it had fully rewritten them here.

133. On information and belief, the curfews under the Proclamation are being selectively enforced against the rights of the citizens in the restricted areas in violation of the rights of the Plaintiffs and all those similarly situated.

134. **Wherefore,** this Court should award Plaintiffs a Declaratory Judgment declaring that the Proclamation, and curfews to be imposed and enforced thereunder are unconstitutional because they violate the Plaintiffs and similarly situated individuals' rights to equal protection under the law.

## COUNT 10

### Lack of Legal Authority to Order and Enforce the Curfew Proclamation

135. Plaintiff incorporates all the averments of this Complaint as if it had fully rewritten them here.

136. The Defendants do not have the legal authority to authorize or enforce the Proclamation.

137. Indeed, the Mayor does not have the legal authority under the U.S. Constitution, Ohio Constitution, Ohio Revised Code, the Charter of the City of Cleveland or the Codified Ordinances of the city of Cleveland to issue a Proclamation enacting the curfews set out therein.

138. By issuing the Proclamation, the Mayor has violated the Separation of Powers doctrine that delegates the legislative action to the City Council, the legislative body.

139. By issuing the Proclamation The Mayor has, without authority to do so, infringed upon the fundamental rights of Plaintiffs and all similarly situated persons Proclamation.

140. By enforcing the Proclamations all Defendants have infringed upon the fundamental rights of Plaintiffs and others similarly situated.

141. To the extent the Mayor claims some sort of power to infringe fundamental rights by unilateral Proclamation in the event of an Emergency (there is not such authority), then such emergency is not present because there is no clear and present danger of the claimed "civil unrest" to the restricted area to enforce the curfews set out in the Proclamations.

142. **Wherefore,** this Court should award Plaintiffs a Declaratory Judgment declaring that the Proclamation is invalid and unconstitutional because the Mayor of the city of Cleveland is without authority to block the Central Business District and West 25th Market District and deprive the citizens therein such as plaintiffs of their fundamental rights.

**Count 11**
**(Plaintiff Hudnell Only)**
**False Arrest and False Imprisonment**
**Under 42 U.S.C. § 1983**

143. Plaintiff Hudnell incorporates by reference all the preceding averments set out above.

144. On or about May 31, 2020, at about 2:00 p.m. Plaintiff Hudnell was walking down Euclid Avenue in Cleveland, Cuyahoga County, Ohio when he was seized and arrested by NAME UNKNOWN law enforcement officers 1-5 in violation of his fundamental constitutional rights including his Fourth Amendment right.

145.  Hudnell was then kept in jail by UNKNOWN LAW enforcement officers 6-100 in violation of his fundamental constitutional rights including his Fourth Amendment right to be free from unreasonable searches and seizures of his person.

146. At the time of Hudnell's arrest, probable cause did not exist for the seizure and arrest of his person because the Proclamation and curfew being enforced under it is unconstitutional.

147. Even though his arrest was unconstitutional, Hudnell was then detained in a jail run by the city of Cleveland and/or Cuyahoga County and/or Defendant Schilling and/or the Cuyahoga County Sheriff's office and not released until sometime on Tuesday, June 2, 2020,

148.  As a direct and proximate result of the false arrest and imprisonment of Hudness, the Defendant City of Cleveland and/or County of Cuyahoga and/or Cuyahoga County Sheriffs Office and/or UNKNOWN Law Enforcement Officer is liable for the unlawful acts of false arrest and false imprisonment against Hudnell by the Unknown Law Enforcement Officers because the moving force behind the deprivation of Hudnell's Fourth Amendment right due to the false arrest and imprisonment was the municipal policy or custom put of enforcing the curfew in place by the (unconstitutional) Proclamation.  *Meekins v. City of Oberlin*, 8th Dist. Cuyahoga No. 107636, 2019-Ohio-2825, ¶ 51 citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Brown v. Chapman, 814 F.3d 447, 462 (6th Cir. 2016); Gregory v. Shelby Cty., 220 F.3d 433, 441 (6th Cir. 200)

149. Plaintiff Hudnell's false arrest and imprisonment was directly and proximately caused by Defendant City of Cleveland's implementation of the unlawful curfew policy created by the Proclamation, and the city's inadequate supervision or training of the law enforcement officers implementing it. *Meekins supra at ¶52.*

150. As direct and proximate cause of the False Arrest and Fales Imprisonment of Hudnell, Plaintiff Hudnell has suffered damages in an amount to be proved at trial but in any event more than $25,000.00.

## Relief Requested

### *Declaratory Judgment*

151. Plaintiff incorporates all the preceding averments of this Complaint as if it had fully rewritten here.

152. There exists a controversy between the Plaintiffs and Defendants that is on-going arising out of the Proclamation (and its current and subsequent modifications), the curfew established under it and its enforcement by Defendants because the Proclamation causes an on-going deprivation of the Constitutional rights of the Plaintiffs.

153. For the reasons set out in this Complaint, this Court should declare the rights of the parties hereto, and in so doing, declare the Proclamation unconstitutional and the curfews imposed thereunder to be unconstitutional and/or otherwise void.

154. For the reasons set out in this Complaint, this Court should declare the rights of the parties hereto, and in so doing, declare the Proclamation unconstitutional and any sanctions imposed thereunder to be unconstitutional and/or otherwise void.

### *Request for Temporary Restraining Order (without notice or hearing)*
### Preliminary Injunction
### Permanent Injunction

155. Plaintiffs incorporate all the averments of this Complaint as if it has been fully re-written here.

156. Plaintiffs request a temporary restraining order, preliminary injunction, and ultimately a permanent injunction to order defendants to stop unreasonably abridging the plaintiffs' constitutional rights as set out above.

157. Plaintiff's Verified Complaint demonstrates that a denial of this request for injunction will cause irreparable harm because their claims are based on a violation of their fundamental rights. See, *Overstreet v. Lexington-Fayette Urban Cty. Govt.*, 305 F.3d 566, 578 (6th Cir.2002), citing *e.g.*, *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998)  (recognizing that the loss of First Amendment rights, for even a minimal period of time, constitutes irreparable harm) (citations omitted); *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992) (holding that plaintiffs may establish irreparable harm based on an alleged violation of their Fourth Amendment rights); *McDonell v. Hunter*, 746 F.2d 785, 787 (8th Cir. 1984) (finding that a violation of privacy constitutes an irreparable harm).

158. A denial of the injunctive relief requested here has caused and will continue to cause irreparable harm to Plaintiffs because it will permit defendants and their agents to continue to violate plaintiffs' Constitutional rights, and to enforce am unconstitutional curfew under a void Proclamation.

159. There is a substantial likelihood that Plaintiffs will prevail on the merits of this action because the facts that will proved (and which have been attested to by Verification here) demonstrate that Defendants are violating the constitutional rights of the plaintiffs (and those similarly situated) by violating fundamental rights and/or by attempting to enforce void laws.

160. Issuance of the temporary restraining order requested will not harm third parties as there has been no civil unrest sufficient to justify any curfew since the very early morning hours on Sunday, May 31, 2015 and the Defendants and their agents will still be permitted to protect the public from any unrest that may possibly occur by utilizing less restrictive measures than the curfew out in the Proclamation.

161. The public interest will be served by granting the requested injunctive relief as it is "it is always in the public interest to prevent the violation of a party's constitutional rights." *Preterm-Cleveland v. AG*, 2020 U.S. Dist. LEXIS 71706, *55 (S.D. Ohio April 23, 2020), citing *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 690 (6th Cir. 2014).

162. There is no adequate remedy at law to redress the Plaintiffs' grievances. Instead, the harm may only be remedied by an injunction from this Court that immediately  enjoins the Defendants from enforcing the curfew and permanently enjoins them from introducing other curfews that violate Plaintiffs' fundamental rights and that restrains them from imposing criminal, civil or other sanctions against Plaintiff and all other similarly situated persons.

163. The Court should issue the temporary restraining order requested hereunder without written or oral notice to the Defendants under Fed. R. Civ.P. 65(b)(1) because the certifications and verifications attached hereto meet the legal requirements of Fed.R.Civ.P. 65(b)(1)(A) and (B).

164. Therefore, Plaintiffs respectfully requests injunctive relief ordering return of the funds, such as a temporary restraining order, preliminary injunction, and ultimately a permanent injunction against ALL DEFENDANTS to ORDER them to refrain from engaging in conduct that violates the fundamental rights of the citizens of Plaintiffs and those similarly situated in Cleveland, Cuyahoga County, Ohio.

165. This Court should waive the posting of bond under Civ.R. 65(E) for the injunctive relief requested this is about Constitutional rights and not the possession or disbursement of money or property between Plaintiffs and Defendants.

### *Damages*

166. Plaintiffs incorporate by reference all the above averments as if fully rewritten herein.

167. Plaintiff Hudnell seeks damages in an amount to be proved at trial as compensation for his false arrest and false imprisonment as set out herein above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants jointly and severally as follows:

1) <u>Declaratory Judgment</u> that the Proclamation and curfews imposed thereunder is Unconstitutional on its face and/or as applied to Plaintiffs ( and all others similarly-situated) because it is: (a) void; (b) overbroad; (c) violates the separation of powers; and (d) violates the fundamental rights of the Plaintiffs and similarly situated persons (e) violates equal protection; and (f) violates procedure due to vagueness; and

2) Issue ***Temporary Restraining Order immediately*** restraining and implementation of the curfew(s) currently scheduled to be implemented in the city of Cleveland, Cuyahoga County, Ohio under the latest version of the Proclamation (currently set to go into effect at 8:00 p.m. tonight and each night thereafter through June 5, 2020).

3) Issue a ***Temporary Restraining Order immediately*** prohibiting Defendants and Defendants' agents from enforcing any curfew in the city of Cleveland, Cuyahoga County, Ohio under the Proclamation or any subsequent modification there to then a *preliminary injunction and permanent injunction* prohibiting further unconstitutional curfews;

4) Issue a <u>Declaratory Judgment</u> stating that Defendants do *not* have the power to stop, search, seize, arrest, fine or otherwise sanction any of the Plaintiffs or similarly situated residents of the city of Cleveland for alleged violations of the unconstitutionally imposed curfew and other restrictions set out in the Proclamation;

5) Issue a **temporary restraining order,** *preliminary and permanent injunction* prohibiting Defendants from enforcing or relying on the Proclamation (and curfew sought to be imposed thereunder) to search, seize, arrest, prosecute, fine, imprison, intimidate, threaten or otherwise punish Plaintiffs and similarly-situated individuals;

6) Issue a **temporary restraining order,** *preliminary and permanent injunction* to release those individuals arrested due to enforcement of the curfew created under the Proclamation (including original modification and all subsequent modifications) from the city jail, county jail and other facilities into which they are being held and/or detained to be released (this, of course, would not include those charged with an actual crime under lawful statutes or ordinances related to conduct other than violating the curfew imposed under Proclamation);

7) Award Plaintiff Hudnell actual <u>damages,</u> nominal damages, court costs, reasonable attorney fees and expenses that they incurred in bringing this action in an amount more than $25,000.00 as compensation for the violations of his rights;

8) Grant to Plaintiffs against Defendants **such other and further relief** as this Court deems just and proper at law and/or equity.

Respectfully submitted,

<u>/s/ Mark S. Ondrejech</u>
Mark S. Ondrejech (0082170)
THE ONDREJECH LAW FIRM LLC
Hoyt Block Building
700 West Saint Clair Ave., Suite 110
Cleveland, Ohio 44113-1448
Office Phone: (440) 356-2700 ext. 1003
Mobile:    (330) 441-2027
Facsimile:     1.888.577.4491
mark@o-lawfirm.com

*Attorneys for Plaintiffs*

JURY DEMAND

Plaintiff Hudnell requests a trial by jury on all issues triable related to this claim for damages under 42 U.S.C. § 1983.

Respectfully submitted,

/s/ Mark S. Ondrejech
Mark S. Ondrejech (0082170)

MSO

https://d.docs.live.net/d547f3efb4324532/cases -- current/00642 - cleveland citizens (chall emerg order)/2020.06.01 complaint v. cleveland emergency proclamation.docx

**<u>VERIFICATION</u>**

I, MARK S. ONDREJECH declares as follows:

1.  I am a Plaintiff in the present case and a citizen of the United States of America over the age of 18 years of age.

2.  I am a citizen and resident of Cleveland, Cuyahoga County, Ohio as stated in the Verified Complaint.

3.  I have reviewed the Verified Complaint.

4.  I have personal knowledge of the facts related to my own experience (and not those of any of the co-plaintiffs) that are set out in the Verified Complaint; and

5.  The facts set out in the Verified Complaint that pertain to me (alone) are true and accurate to the best of my knowledge, recollection, and belief.

Executed on ___3rd day of June___, 2020.

_____

MARK S. ONDREJECH

## VERIFICATION

I, NICHOLAS HUDNELL declare as follows:

1.  I am a Plaintiff in the present case and a citizen of the United States of America over the age of 18 years of age.

2.  I am a citizen and resident of Cleveland, Cuyahoga County, Ohio as stated in the Verified Complaint.

3.  I have reviewed the Verified Complaint.

4.  I have personal knowledge of the facts related to my own experience (and not those of any of the co-plaintiffs) that are set out in the Verified Complaint; and

5.  The facts set out in the Verified Complaint that pertain to me (alone) are true and accurate to the best of my knowledge, recollection, and belief.

Executed on _____06/03/2020_____, 2020.

_Nicholas Hudnell_
_____
NICHOLAS HUDNELL